```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


   COLIN LACY                              CIVIL ACTION

   VERSUS                                  NO: 11-90

   AECOM GOVERNMENT SERVICES,              SECTION: J(5)
   INC.
```

## ORDER AND REASONS

Before the Court are Plaintiff's **Motion to Strike Affirmative Defenses (Rec. Doc. 20)** and Defendant's **Memorandum in Opposition (Rec. Doc. 23)**.

### PROCEDURAL HISTORY AND BACKGROUND FACTS

Plaintiff was hired by Defendant for a one-year employment contract in Afghanistan, and during the application and screening process Plaintiff revealed that he had been prescribed and was taking Prozac.  Plaintiff was later terminated from his employment, and he filed the instant lawsuit on January 17, 2011, claiming that Defendant failed to accommodate him and ultimately terminated him because of an alleged disability in violation of the Americans with Disabilities Act.  Defendant filed its Amended Answer and Affirmative Defenses to Plaintiff's Complaint on June 16, 2011, and Plaintiff now moves to strike all of Defendant's affirmative defenses from its Amended Answer.

### THE PARTIES' ARGUMENTS

In his Motion to Strike Affirmative Defenses (Rec. Doc. 20), Plaintiff argues that Defendant's forty affirmative defenses should be stricken from its Amended Answer.  Plaintiff contends

that Defendant does not adequately convey the grounds for its affirmative defenses in order to give Plaintiff fair notice of those defenses.  In its Memorandum in Opposition (Rec. Doc. 23), Defendant argues that it has adequately pleaded its affirmative defenses in order to give Plaintiff fair notice of those defenses.  Furthermore, Plaintiff has not met its burden because he has failed to state with particularity which, if any, of Defendant's affirmative defenses are insufficient as a matter of law.  Finally, Defendant requests that it be given the opportunity to further amend its Amended Answer if the Court finds that its affirmative defenses are currently insufficiently plead.

## DISCUSSION

Under Federal Rule of Civil Procedure 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED. R. CIV. P. 12(f).  The decision to grant or deny a motion to strike lies within the sound discretion of the trial court.  Tarver v. Foret, 1996 WL 3536, *1 (E.D. La. Jan. 3, 1996).  However, motions to strike under Rule 12(f) are disfavored and "should be used sparingly by the courts" because they are considered a "drastic remedy to be resorted to only when required for the purposes of justice."  Pan-Am. Life Ins. Co. v. Gill, 1990 WL 58133, *2 (E.D. La. Apr. 27, 1990) (internal quotations

omitted).  Additionally, the moving party must generally make a showing of prejudice before a motion to strike is granted.  Id.

Because affirmative defenses are pleadings, they are governed by the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.  While Rule 8(a) describes the pleading requirements for claims for relief, subsections (b) and (c) of Rule 8 govern the pleading requirements for defenses and affirmative defenses.  See Fed. R. Civ. P. 8.  Under Rule 8(b) and (c), a defendant must "state in short and plain terms its defenses to each claim asserted against it" and must "affirmatively state any avoidance or affirmative defense . . . ."  Fed. R. Civ. P. 8(b)(1)(A) and (c)(1).

In this case, the Court finds that Defendant has adequately pleaded its affirmative defenses under Rule 8(b) and (c) in order to put Plaintiff on notice of those defenses.  Furthermore, Plaintiff has failed to demonstrate which of Defendant's affirmative defenses are insufficient as a matter of law, and Plaintiff has also failed to allege any prejudice he would suffer if the affirmative defenses are not stricken from Defendant's Amended Answer.  Finally, the information that Plaintiff argues is missing from Defendant's Amended Answer will be obtained during discovery.  Because motions to strike under Rule 12(f) are generally disfavored and within the court's discretion, the Court chooses not to exercise its discretion at this time to strike

Defendant's affirmative defenses from its Amended Answer.

Accordingly, **IT IS ORDERED** that is Plaintiff's **Motion to Strike Affirmative Defenses (Rec. Doc. 20)** is **DENIED**.

New Orleans, Louisiana, this 29th day of July, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT